# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RANDY T. CHAMPOUX, | Case No.: 2:14-cv-00817-GMN-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Pending before the Court for consideration is the Motion to Remand (ECF No. 18) filed by Plaintiff Randy T. Champoux ("Plaintiff") and the Cross-Motion to Affirm (ECF No. 22) filed by Defendant Carolyn W. Colvin ("Defendant"). These motions were referred to the Honorable Cam Ferenbach, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C). On November 17, 2014, Judge Ferenbach entered the Report and Recommendation (ECF No. 25), recommending Plaintiff's Motion to Remand be denied and Defendant's Cross-Motion to Affirm be granted. Plaintiff filed his Objection to the Report and Recommendation (ECF No. 26) on December 1, 2014. Defendant filed her Response to the Objection (ECF No. 27) on December 10, 2014.

## I.  BACKGROUND

Pursuant to Titles II and XVI of the Social Security Act, Plaintiff applied for disability insurance benefits and supplemental insurance income on November 2, 2010, alleging a period of disability beginning on February 28, 2010 due to coronary artery disease, depressive disorder, and obesity. (Administrative Record ("A.R.") 28, 163–73). Plaintiff's application was denied, and following a hearing on February 8, 2012, an Administrative Law Judge ("ALJ") issued a

decision on April 24, 2012 denying Plaintiff's claim for benefits. (*Id.* 48–85, 98–113).

At the hearing on February 8, 2012, the ALJ applied the five-step sequential evaluation process established by the Social Security Administration to determine whether Plaintiff was disabled.[1] (*Id.* 23–47). In assessing Plaintiff's residual functional capacity ("RFC") at the beginning of step four of the analysis, the ALJ determined that Plaintiff's testimony about his disability was not credible and found that Plaintiff retained the RFC to perform his past relevant work as an electronics worker. (*Id.*). Based in part on this finding on credibility, at step five of the analysis, the ALJ also determined that there were a significant number of alternate occupations that Plaintiff could hold existing in the national economy. (*Id.*). The ALJ, therefore, found that Plaintiff was not disabled. (*Id.*).

Following the ALJ's decision, Plaintiff filed a Request for Review, which was denied by the Appeals Council on March 27, 2014. (A.R. 1–7). Subsequently, on June 6, 2014, Plaintiff filed his Complaint (ECF No. 3) before this Court seeking a reversal of the ALJ's decision.

## II. <u>LEGAL STANDARD</u>

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report and Recommendation to which objections are

---

[1] The five-step sequential evaluation procedure, during which a finding at any step that a claimant is disabled or not disabled concludes the assessment, is as follows: Under the first step, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, the claimant is not considered disabled. *Id.* § 404.1520(b). Second, the Secretary determines whether the claimant's impairment is severe. *Id.* § 416.920(c). If the impairment is not severe, the claimant is not considered disabled. *Id.* § 404.152(c). Third, the claimant's impairment is compared to the "List of Impairments" found at 20 C.F.R. § 404, Subpt. P, App. 1. The claimant will be found disabled if the claimant's impairment meets or equals a listed impairment. *Id.* § 404.1520(d). If a listed impairment is not met or equaled, the fourth inquiry is whether the claimant can perform past relevant work. *Id.* § 416.920(e). If the claimant can engage in past relevant work, then the claimant is not disabled. *Id.* § 404.1520(e). If the claimant cannot perform past relevant work, but the Secretary demonstrates that the claimant is able to perform other kinds of work, the claimant is not disabled. *Id.* § 404.1520(f). Otherwise, the claimant is entitled to disability benefits. *Id.* § 404.1520(a).

made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

A federal court's review of an ALJ's decision on social security disability is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

### III.   DISCUSSION

Plaintiff raises two arguments in his Motion to Remand for reversing the ALJ's finding that he is not disabled.  First, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ "failed to properly assess [his] mental impairment" when considering the opinions of two consultative examiners, Dr. Larson and Dr. Yao. (Mot. to Remand 6:21–11:24, ECF No. 11).  Second, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because "the ALJ failed to articulate sufficient reasons to find [Plaintiff] not credible." (*Id*. 12:1–15:21).

In the Report and Recommendation, Judge Ferenbach found that Plaintiff's first argument was "baseless" because it misstates the opinions of Dr. Larson and Dr. Yao. (Report and Recommendation 3:1–4:4, ECF No. 25).  Plaintiff, however, does not challenge this finding in his Objection. *See* (Objection 3:11 n.1, ECF No. 26) ("[Plaintiff] does not object to the Magistrate Judge's finding regarding the ALJ's assessment of his mental impairment.").  Accordingly, having reviewed the record, the Court agrees with Judge Ferenbach's recommendation that Plaintiff's first argument is without merit.

Regarding the second argument, determining the credibility of a claimant's testimony

about subjective symptoms is a two-step process. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen*, 80 F.3d at 1281).

Judge Ferenbach found that the ALJ correctly applied the two-step process for assessing a claimant's credibility. (Report and Recommendation 4:5–5:5, ECF No. 25). Specifically, Judge Ferenbach noted that Plaintiff's argument was "boilerplate" and failed to address "the ALJ's particular and detailed decisional language." Moreover, Judge Ferenbach found that the ALJ detailed several inconsistencies in Plaintiff's testimony regarding his daily activities, ability to sit, allegations regarding his attention span and ability to concentrate, claims regarding fatigue and shortness of breath, claims regarding feelings of helplessness, claims regarding his ability to stand and lift, and claims regarding changes in his illness. (*Id.*); *see* (A.R. 38–39). Judge Ferenbach, therefore, concluded that the ALJ provided specific, clear and convincing reasons for rejecting Plaintiff's testimony. (Report and Recommendation 4:23–5:5, ECF No. 25).

In his Objection, Plaintiff reargues that the reasons the ALJ discredited Plaintiff's testimony cited by Judge Ferenbach are not specific, clear, or convincing, and, consequentially, are insufficient to meet the second part of the test in *Lingenfelter*. (Objection 4:1-5:12, ECF No. 26). However, Plaintiff again fails to even mention with specificity the actual findings made by the ALJ, ironically dismissing those findings without any analysis as not being "fully and fairly develop[ed]." (*Id.*). Accordingly, Plaintiff has failed to identify any error in either the ALJ's determination or Judge Ferenbach's report.

Having reviewed the record, the Court agrees with the recommendation of Judge Ferenbach and finds that the ALJ's determination regarding Plaintiff's credibility applied the proper legal standard and was supported by substantial evidence. Accordingly, Plaintiff's Objection is without merit.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 25) is **ACCEPTED and ADOPTED in full** to the extent it is consistent with this opinion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF 18) is **DENIED** and Defendant's Cross-Motion to Affirm (ECF No. 22) is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this 29th day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court